

CERTIFIED COPY

A True Copy
Teste:

_[signature]_
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 09-3267

DARYL MURPHY,

*Plaintiff-Appellant,*

*v.*

EDDIE MURPHY PRODUCTIONS,
INCORPORATED, et al.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cv-05170—**John W. Darrah**, *Judge.*

---

ARGUED APRIL 12, 2010—DECIDED JULY 1, 2010

---

Before CUDAHY, POSNER, and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge.* This is an appeal from the dismissal of the third lawsuit that Plaintiff Daryl Murphy has brought against the same group of defendants arising out of the same set of events. It deals with whether the district court properly denied a motion for an extension of time to file an amended complaint. In order to resolve the current appeal we must first sort through a fairly complicated procedural history.

Case: 08-2650 Document: 76 Filed: 05/07/10 Pages: 22 Page 2 of 7 PageID #: 562

Eddie Murphy, a former cast member on *Saturday Night Live*, is a multi-talented comedian, actor, singer, director and producer. On *SNL*, he played several memorable characters including Buckwheat, Mr. Robinson, Professor Shabazz K. Morton, and Gumby. On film, he's played dozens of characters including a clever Detroit detective (Axel Foley) in *Beverly Hills Cop*, a street hustler (Billy Ray Valentine) who outsmarts a pair of Wall Street high rollers in *Trading Places*, and an R & B singer (James "Thunder" Early) backed by a trio of females who ultimately leave him behind in *Dreamgirls*. Murphy also was the voice of the donkey in the *Shrek* movies. He is the namesake of one of the defendants in this case, Eddie Murphy Productions, Inc. The other defendants are Will Vinton-Freewill Entertainment, Inc., Touchstone Television Productions LLC, Fox Broadcasting Co., Inc., Warner Bros. Television, Inc., and Harpo Productions, Inc. (collectively, Defendants). In 2004, Daryl Murphy (no relation to Eddie) brought this suit claiming that the defendants used copyrighted material from his video-tape to create and later broadcast the animated television show *The PJs* which aired for three years on Fox and the WB. Eddie Murphy provided the voice for the protagonist of the show, Thurgood Stubbs, who served as the superintendent of the Lawrence Hilton-Jacobs housing projects. *The PJs* won three Emmy Awards.

Two years after the suit was filed, the defendants moved for summary judgment. As part of their summary judgment submission, the defendants submitted videotapes

Case: 08-cv-05127-DDC Document: 476-4 Filed: 09/02/14 Page: 23 of 7 PageID #: 563

of episodes of *The PJs* and two copies[1] of Murphy's video-
tape. In response to the summary judgment motion,
Murphy submitted a comparison DVD with pieces of
his videotape juxtaposed against portions of episodes
from *The PJs*. In his Local Rule 56.1 response Murphy
admitted that Defendants' Exhibit A-1 was a true and
correct copy of his videotape. The district court granted
summary judgment to the defendants after viewing
Murphy's comparison DVD on three independent
grounds: (1) the two works were not substantially sim-
ilar; (2) there was no evidence that the defendants had
access to the videotape; and (3) there was uncontradicted
evidence of prior creation. Murphy, acting pro se, moved
for reconsideration because his court-appointed attorney
only submitted one of five compact disks that showed
various comparisons. The district court denied his
motion to reconsider and his appeal was dismissed.

During the pendency of the appeal of the first suit,
Murphy filed another complaint against the defendants,
making claims arising out of the same events at issue in
the first suit. The district court promptly dismissed the
suit as res judicata.

In October 2008, Murphy filed this suit pro se against
the defendants and others as a Rule 60 motion. Shortly
thereafter, Murphy retained counsel who withdrew the
Rule 60 motion and asked for leave to file an amended

---

[1] They submitted two copies because the copy they received
in discovery (Exhibit A) was different from the copy they
received from the Copyright Office (Exhibit A-1).

complaint. The district court gave Murphy until April 24, 2009 to file an amended complaint, and the deadline was not met. At a hearing on April 30, Murphy's attorney requested additional time to file the amended complaint. The district court extended the deadline until June 1. Murphy's attorney once again failed to meet the deadline. Instead of filing an amended complaint on June 1, he filed a motion on June 5 seeking 60 additional days. He claimed to need more time to determine whether the defendants had committed fraud in Murphy's first suit, most notably by submitting blank DVDs—instead of DVDs showing Murphy's original work. The district court denied Murphy's extension and dismissed the case with prejudice in part because he missed two court-ordered deadlines, but also because amendment would have been futile. It is this order from which Murphy brings the present appeal.

The issue is whether the district court properly denied Murphy's motion for an extension of time to file an amended complaint. Extensions are governed by Rule 6 of the Federal Rules of Civil Procedure, which sets separate standards for motions filed before and after the original deadline. A motion filed before the deadline may be granted "for good cause," a motion made after the time has expired may be granted only if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A)-(B). The district court evaluated Murphy's request under the latter standard because he made his request four days after the deadline had passed. We review the district court's order using a deferential abuse of discretion standard.

Case: 09-3267   Document: 47   Filed: 09/02/10   Pages: 52   of 7   PageID #: 565

The Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) listed the factors a district court should consider when evaluating a claim of excusable neglect, which include the danger of prejudice to the defendant, and the reason for the delay. In this case, both factors cut against granting the time extension. The defendants would suffer prejudice from delaying the resolution of this case (recall, the dispute first got off the ground in 2004!) for another 60 days. The district court already granted one extension. The defendants won summary judgment in February of 2007 and yet the case still lingers over three years later. Furthermore, Murphy has never identified a valid reason for his delay. He claims not to have learned about the blank videotapes until late in the proceedings. If this is true, the blame lies with him because he was served with the defendants' summary judgment motion—which included the exhibits—in 2006 on the same day they were filed in the district court. Therefore, the district court was well within its discretion to deny Murphy's motion because he did not the miss the court-ordered deadline due to excusable neglect.

The futility of Murphy's proposed amendment serves as an additional, independent ground for refusing to enlarge the time for him to file his amended pleading. *See Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) ("[C]ourts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the

motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."). In order to succeed in his motion, Murphy would have to prove by clear and convincing evidence that his copyright claim was meritorious, and that because of fraud, he was prevented from fully presenting his case. *Provident Savings Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir. 1995).

Factually, it appears impossible for Murphy to prove what he alleges, and even if he did, it wouldn't amount to fraud. If the defendants submitted blank videotapes, there still would not be grounds for relief because the district court made clear that it reached its decision based on the comparison DVD submitted by Murphy. Furthermore, if the defendants did in fact submit blank videotapes, in all likelihood, the district court would have requested replacement materials or denied the summary judgment motion for lack of proof. As further evidence of fraud, Murphy claims that the signature of one affiant, Mike Mendel, may be forged and his affidavit is inconsistent with other evidence. Murphy offers no evidence of forgery—aside from his claim that the signature looks different—and any inconsistency in the text of the document would have been clear to the district court when it was deciding the motion for summary judgment. Most bizarrely, Murphy's final evidence of fraud is that another affiant, Colin Batty, is not a citizen of the United States and used inconsistent styles for recording dates. While these things may be true, it's not clear how they could be fraud on the court since they are apparent from the affidavit itself.

Case: 09-3267 Document: 4769341 Filed: 09/02/10 Page: 7 of 7 PageID #: 567

For these reasons, the judgment of the district court is AFFIRMED.